**DR19CV0004**

AO 243 (Rev. 01/15)

FILED

JAN 15 2019

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted): Esteban Munoz | | Docket or Case No.: |
| Place of Confinement: United States Penitentiary McCreary P.O. Box 3000, Pine Knot, KY 42635 | | Prisoner No.: 37912-380 |
| UNITED STATES OF AMERICA | V. | Movant (include name under which convicted) Esteban Munoz |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

United States District Court for the Western District of Texas Del Rio Division

   (b) Criminal docket or case number (if you know): 2:14-cr-00688-AM (13)

2. (a) Date of the judgment of conviction (if you know): January 26, 2018

   (b) Date of sentencing: January 11, 2018

3. Length of sentence: 240 months

4. • Nature of crime (all counts):

Conspiracy to Conduct the Affairs of an Enterprise through a pattern of Racketeering (18 USC § 1962(d).

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
   what did you plead guilty to and what did you plead not guilty to?

N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐  N/A

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?   Yes ☐   No ☒

AO 243 (Rev. 01/15)                                                                                                    Page 3

9.   If you did appeal, answer the following:

    (a)  Name of court:                    _N/A_____

    (b)  Docket or case number (if you know): _____

    (c)  Result: _____

    (d)  Date of result (if you know): _____

    (e)  Citation to the case (if you know): _____

    (f)  Grounds raised:


                                    N/A


    (g)  Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☒

         If "Yes," answer the following:

         (1)  Docket or case number (if you know): _____

         (2)  Result: _____
                                        N/A

         (3)  Date of result (if you know): _____

         (4)  Citation to the case (if you know): _____

         (5)  Grounds raised:


                                    N/A


10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications,
     concerning this judgment of conviction in any court?
         Yes ☐     No ☒

11.  If your answer to Question 10 was "Yes," give the following information:

    (a)  (1)  Name of court: _____

         (2)  Docket or case number (if you know): _____N/A_____

         (3)  Date of filing (if you know): _____

         (4)  Nature of the proceeding: _____

         (5)  Grounds raised: _____N/A_____

*N/A*

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes ☐    No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

  (1)  Name of court:    *N/A*

  (2)  Docket of case number (if you know): _____

  (3)  Date of filing (if you know): _____

  (4)  Nature of the proceeding: _____

  (5)  Grounds raised:

*N/A*

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes ☐    No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____*N A*_____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

  (1)  First petition:    Yes ☐    No ☐

  (2)  Second petition:   Yes ☐    No ☐    *N/A*

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Matters Concerning Claims of Ineffective Assistance of Counsel are best raised in a motion under 28 USC § 2255.

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

AO 243 (Rev. 01/15)                                                                                                          Page 5

GROUND ONE: Texas Penal Code 19.02 is categorically Broader than the term "murder" under 18 USC § 1961, 1962 + 1959 and is not a proper predicate.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached brief.

(b) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

Recent Changes in both Circuit and Supreme Court Case Law Made this claim Possible

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

_____ N/A _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

_____ N/A _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐   N/A

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐   No ☐

AO 243 (Rev. 01/15)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ *N/A* _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

*N/A*

GROUND TWO: *Counsel was ineffective during the plea negotiation Process for failing to apply the Categorical approach to Texas Penal Code 19.02.*

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*See Attached Brief*

(b)   Direct Appeal of Ground Two:

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2)   If you did not raise this issue in your direct appeal, explain why:

*Claims of Ineffective Assistance of Counsel are best raised in a motion under 28 USC § 2255.*

(c)   Post-Conviction Proceedings:

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

AO 243 (Rev. 01/15)

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ *N/A* _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐            No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐           *N/A*

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

*N/A*

GROUND THREE: _____ *N/A* _____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

*N/A*

AO 243 (Rev. 01/15)                                                                                          Page 8

*N/A*

(b) **Direct Appeal of Ground Three:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐     No ☐

   (2)  If you did not raise this issue in your direct appeal, explain why:

*N/A*

(c) **Post-Conviction Proceedings:**

   (1)  Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐     No ☐

   (2)  If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

*N/A*

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3)  Did you receive a hearing on your motion, petition, or application?

   Yes ☐     No ☐          *N/A*

   (4)  Did you appeal from the denial of your motion, petition, or application?

   Yes ☐     No ☐

   (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

   Yes ☐     No ☐

   (6)  If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

*N/A*

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

*N/A*

GROUND FOUR: _____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

*N/A*

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☐          *N/A*

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____ *N/A* _____

Result (attach a copy of the court's opinion or order, if available):

_____

AO 243 (Rev. 01/15)                                                                                                                    Page 10

    (3)  Did you receive a hearing on your motion, petition, or application?

          Yes ☐   No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

          Yes ☐   No ☐     *N/A*

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

          Yes ☐   No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know): _____ *N/A* _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

                        *N/A*

13.  Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    *No issue raised herein has been raised in any other proceeding.*

14.  Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

                        *N/A*

AO 243 (Rev: 01/15)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the
you are challenging:

(a) At the preliminary hearing:

_dont Know_

(b) At the arraignment and plea:

_dont Know_

(c) At the trial:

_dont Know_

(d) At sentencing:

_dont Know_

(e) On appeal:

_N/A_

(f) In any post-conviction proceeding:

_N/A_

(g) On appeal from any ruling against you in a post-conviction proceeding:

_N/A_

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
and at the same time?          Yes ☐          No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are
challenging?          Yes ☐          No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_N/A_

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____ _N/A_

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or
sentence to be served in the future?          Yes ☐          No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Judgment was entered on January 11, 2018, this motion
is being placed in the institutional legal mail on January
7th, 2019. Therefore, this motion is timely

AO 243 (Rev. 01/15)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
   (1)   the date on which the judgment of conviction became final;
   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                                                                    Page 13

Therefore, movant asks that the Court grant the following relief:

_All relief requested in the attached brief,_

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on _____
                                                                                    (month, date, year)

Executed (signed) on _January 7th, 2019_____ (date)

_Estebon Munoz_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Print          Save As          Add Attachment                    Reset

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

ESTEBAN MUNOZ             :
    Petitioner,        :
                       :     Case No. _____
                       :
vs.                    :     Ref. No . 2:14-cr-00688-AM (13)
                       :     Judge: Alia Moses
UNITED STATES OF AMERICA  :
    Respondent.        :

---

## MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE
## PURSUANT TO 28 USC § 2255

---

Now Comes the petitioner, ESTEBAN MUNOZ, pro-se, and herein files this Motion to Vacate, Correct, or Set Aside sentence pursuant to 28 USC Section 2255 seeking to vacate his sentence and conviction(s) under 18 USC § 1962 because he does not have the necessary two (2) RICO predicates, and he also seeks to vacate his sentence under 18 USC § 1959, because "murder" under Texas Penal Code § 19.02 cannot be used as a RICO or § 1959 predicate because the Texas statute is categorically broader that the "federal generic offense" of murder as contemplated by congress under Section(s) 1961, 1962, and 1959, as fully explained herein.

### PRO SE STATEMENT

This petitioner is not an attorney, is pro-se, and is presently incarcerated and not trained in the law. Therefore, I ask this honorable court to follow the direction of the United States Supreme Court in Haines v. Kerner, 404 U.S. 519, 30 L. Ed 2d 652 (1972). There, the court made it clear that Courts should hold pro-se pleadings "to a less stringent standard than formal pleadings drafted by lawyers." Petitioner also ask this court to observe the ruling of the Second Circuit Cour5t of Appeals in Triestman v. Bureau of Prisons, 470 F.3d 471 (2nd Cir. 2006)(per curium)(requiring Courts to liberally construe a pro-se party's pleading "to raise the strongest argument it suggest.").

### STATEMENT OF THE CASE AND SUMMERY OF ARGUMENT

On January 7, 2015, petitioner was indicted in a Superseding Indictment. Count One charged petitioner with conducting the affairs of the Texas Mafia through a pattern of racketeering activity in violation of 18 USC § 1962(d). In regards to this petitioner, in a section entitled "overt act," there are three event that are said to be petitioner's predicate act ("RICO Predicates"), those are as follows:

- 1 -

On page 11 of the attached indictment, it item "u," it states "On or about November 18, 2013, Ivan Velasques lead a meeting of the Egal Pass TMM, ordering all present to report to him after the arrest of Jesus Lopez. Michael Cantu and ESTEBAN MUNOZ were present at this meeting." Now of course being a member of a gang is not a RICO predicate, so the fact that the meeting took place is of no importance.

Next, on page 12, at Item "w," it states: "On or about December 13, 2013, ESTABAN MUNOZ relayed instructions form Ivan Velasquez to persons known to the grand jury, for that person to assault someone in Egal pass, Texas, because that person was claiming to be a TMM and was not. Esteban Munoz gave brass knuckles to a person known to the grand jury to carry out the attack. The attack was not carried out, and ESTEBAN MUNOZ retrieved the brass knuckles." Now although this section does speak of gang activity, nothing in this section can be considered a RICO predicate because neither assault, or conspiracy to commit assault are RICO predicates.

Lastly, on page 13, under the heading "Notice of Special Pleadings," it states that on or about January 22, 2011, in Maverick County, Texas, in the Western District of Texas, certain TMM members did intentionally or knowingly cause the death of Angel Cantu, by stabbing him with a knife, and that this petitioner and others has solicited, encouraged, or directed the murder of Angel Cantu, all in violation of Texas Penal Code, Section 19.02 and 7.02, All in violation of 18 USC § 1962(d).

Now this is the only think mentioned in count one that "could possibly" be considered a RICO predicate, or "racketeering activity." But this single event does not make a "pattern." RICO requires two (2) predicates. But, as explained more fully below, Texas Penal Code 19.02 cannot be used as a RICO predicate, so count one actually contains no activity that is covered under any RICO statute.

Count Two of the indictment charged petitioner's and others with the murder of Angel Cantu, again, in violation of Texas Penal Code 19.02. But with this count also reliance on the Texas statute is misplaced. This count says that the murder was "in aid of racketeering." But as fully explained below, "murder" under the Texas statute is categorically broader than the term "murder" under § 1959, and therefore, is not a predicate offense as fully explained by the Supreme Court in the several cases presented in the argument below.

The final time that petitioner is mentioned in the indictment is in Count Three. That count charged assault with a dangerous weapon, again regarding the death of Mr. Cantu, in violation of Texas Penal Code 22.02(a)(2) and 7.02.

Petitioner plead guilty pursuant to a plea agreement wherein the government agreed to dismiss Count(s) 2 & 3 in exchange for petitioner's guilty plea to Count One. Petitioner also waived the right to appeal nad collateral attack his conviction and sentence, except for claim of ineffective assistance of counsel and/or prosecutorial misconduct.

On January 11, 2018, the district court sentenced petitioner to a term on 240 months of incarceration as to Count One, and a Five (5) year term of sepervised release.

ARGUMENT

The Racketeering Influenced and Corrupt Origanization Act (RICO), 18 USC § 1961 to § 1968, is founded on the concept of <u>racketeering activity</u>. The statute defines "racketeering activity" to encompass dozens of state and federal offenses, know in RICO parlance as "predicates." A predicate offense implicates RICO when it is part of a "pattern of racketeering activity" - a series of related predicates that together demonstrate the existence or threat of continued criminal activity. Section 1961(5) specifies that a "pattern of racketeering activity" requires at least two predicates committed within 10 years of each other. See <u>RJR Nabisco, Inc., et al.</u> <u>v. European Community, et al.</u>, 195 L. Ed. 2d 476 (2016).

The requirement that there be "two predicates," is jurisdictional. Therefore, if an alledged crime should turn out not to be a RICO predicate, the defendant's conviction under RICO would be unconstitutional, and the defendant would be entitled to relief under 28 USC § 2255, because the court would be without jurisdiction to bring the charge ab initio.

**A VIOLATION OF TEXAS PENAL CODE § 19.02 CANNOT BE USED AS A RICO PREDICATE BECAUSE IT IS CATEGORICALLY BROADER THAN THE TERM MURDER IN 18 USC § 1961, 1962 and/or 1959 SINCE THE TEXAS MURDER STATUTE DOES NOR REQUIRE EITHER "PREMEDITATION" OR "MALICE AFORETHOUGHT."**

When a stright application of the categorical approach is done, it becomes clear that:

<u>The Term "Murder" in **18 USC § 1961 & 1962**, Dose Not Have the Same Meaning A The</u> <u>The Term "Murder" When Written By The Texas Legislature In Tex. Penal Code 19.02</u>

The defendant of the term "racketeering activity" is set forth in § 1961 and reads: "(A) any act or treat involving **murder**, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical ..., which is chargable under state law and punishable by imprisonment for more that one year." (See 18 USC § 1961(1)(A)).

The problem is that "murder" is a term of art at common law. It has a common law meaning. And, when Congress actually writes a common-law term of art in a criminal statute, that  statute must be read to punish the same conduct as common law murder. This fact was confirmed by the Supreme Court in <u>Carter v. United</u> <u>States</u>, 530 U.S. 255, 120 S. Ct. 2159, 147 L. Ed 2d 203 (2000). There, the Court stated:

"When Congress borrows term of art in which are accumulated the legal traditions and meaning of centries of practice it presumably knows and adopts the cluster of ideas that were attached to each borrowed words in the body of learning from which it was taken and the meaning its use will

convey to the judicial mind unless otherwise instructed. In such cases, absent contrary direction may be taken as satisfaction with widely accepted definitions, not as a departure from them." (quoting Morrissete v. United States, 342 U.S. at 236, 96 L. Ed 288, 72 S. Ct. 240 (1952).

In other words, the "cluster of ideas" from the common law should be imported into the statutory text only when congress employs a common-law term, and not when ... congress simply describes an offense analogous to a common law crime."

Becasue of the above, the full cluster of ideas associated with common-law murder must be imported into § 1961's definition of "racketeering activity." The U.S. Supreme Court explained the full scope of common-law murder in Schad v. Arizona, 501 U.S. 624, 111 S. Ct. 2491, 2501-02, 115 L. Ed 2d 555 (1991):

"At common-law, murder was defined as unlawful killing of another human being with "malice aforethought." The intent to kill and the intent to commit a felony were alternative aspects of the simple concept of "malice aforethought." ... Statutes have in most cases retained premeditated murder and some form of felony murder (invariably including murder committed in perpetrating or attempting to perpetrate a robbery) as alternative means of satisfyin g the mental state that first degree murder possesses. In United States v. Brower, 889 F.2d 549 (5th Cir. 1989), the Fifth Circuit noted that "The common-law also recognized a fourth variety of malice, known as the 'felony murder rule.' some aspect of this traditional rule survives in the provisions of the federal statute evaluating the seriousness of the murder committed in the course of certain felonies. See 18 USC § 1111(a)." Id. at 552 n.2 (citation omitted). Judge McCurn's charge that a "killing is done with malice aforethought ... if it results from the perpetration of ... a robbery" was correct."

Now from the above it is clear that the codification of common law murder is found at 18 USC § 1111, meaning that § 1111 is the "federal generic offense" of murder. This means that congress either means the common-law meaning above, or the meaning conveyed in § 1111, which reads:

"Murder is the unlawful killing of a human being with malice afroethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the prepetration of or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, robbery; or perpetrated as part of a pattern or practicce of assault or tourture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than who is killed, is murder in the first degree."

So, when Congress writes the term "murder" in the RICO statutes, the above represents the "conduct" that congress seeks to punish as "racketeering activity."

Now in this petitioner's case, both the indictment and the plea agreement state that one of this petitioner two acts of "racketeering activity" is Conspiracy to Commit Murder in Aid of Racketeering, by conspiring to murder of Angel Cantu in violation of Texas Penal Code, Section 19.02 and 15.02. But, Texas Penal Code does not cover the same "conduct" and is not a categorical match to either "generic murder," or 18 USCS § 1111, because the Texas statute lacks the essential element of "malice aforethought." Additionally, under the categorical approach, the Texas statute "sweeps more braodly" than either generic murder, or 18 USC § 1111, and therefore, Texas Penal Code 19.02 cannot be used as a RICO or § 1959 predicate.

Under Texas Law, a person commits murder or attempts murder if he:

(1) intentionally or knowingly causes the death of an individual;

(2) Intends to cause serious bodily injury and commits an act clearly dangerous to human life  that causes the death if an individual; or

(3) Commits or attempts to commit a felony, other than manslaughter, and in furtherence of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts an act clearly dangerous to human life that casuses the death of an individual.

The United States Supreme Court has made it clear that when determining whether a state crime is a "predicate offense" courts must use a "categorical approach."

## Application of the Categorical Approach

To do a proper categorical analysis, the first step is to determine the generic definition of the enumerated offense. See Taylor v. United States, 110 S. Ct. 2143 (1990). Then, a court must use the categorical approach to compare the state statute to the generic offense. Id. at 599-602, 110 S. Ct. 2158-60. In doing that, the court must look to the elements of the statute only, and not the underlying facts of the offense. If the statutes elements are the same or narrower than those in the generic definition, the statutory offense qualifies. Taylor, 495 U.S. at 599, 110 S. Ct. at 2158; Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276 (2013).

A conviction cannot qualify categorically as a predicate offense if the conviction was for violating a statute that is broader than the generic definition. See Descamps, 133 S. Ct. at 2283. If that is the situation, the court must decide whether it is appropriate to use what is called the "modified categorical approach" and look at "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what

- 6 -

elements, a defendant was convicted of." <u>Mathis v. United States, 579 U.S.    ,</u>
136 S. Ct. 2243, 2249, 195 L. Ed 2d 604 (2016). It is only appropriate to use the
modified categorical approach if the statute at issue is a "divisible," statute,
or "comprises multiple, alternative versions of the crime." See <u>Descamps</u>, 133 S.
Ct. at 2284; accord <u>Mathis</u>, 136 S. Ct. at 2249. If, after employing the modified
categorical approach, it still cannot be determined what particular section of a
statue a defendant's conviction rest, the court must look to the "least culpable
conduct" penalized by the statute. see <u>United Strates v. Amaya</u>, 576 F. Appx. 416
(5th Cir. 2014). If the least culpable conduct is broader, and therefore not a
categorical match to the generic offense, then that offense cannot be used in place
of the generic offense.

Lastly, <u>Mathis</u> explained the difference between alternative "elements" of an
offense, and alternative "means" of committing a single element of an offense. It
was explained that "elements" are the parts of an offense that must be either found
by the jury, or admitted by the defendant. "Means" on the otherhand are just dif-
ferent ways of satisfying a specific element and are not necessary for a jury to
find. Id.

## Tex. Penal Code 19.02

When the categorical approach is applied to Texas Penal Code § 19.02, it is
clear that the statute is divisible. So we must next determine which of the three
sections of the Texas statute could fit the "generic definition" of murder. What
is found is that no section of the state statute can because they all are missing
the essential element of "malice aforethought." But in addition to that, the
indictment in this case does not specify which subsection of the Texas statute
this petitioner is alleged to have violated. Therefore, under the categorical ap-
proach, we must assume that  the charge rest on the "least culpable conduct." That
means that we must examine each section separately.

First, § 19.02(b)(1) states "A person commits an offense if he: intentionally
or knowingly causes the death of anothr individual." This Texas statute is sub-
stantially similar to the New York statute (N.Y. Penal Law § 125.25(1)), that the
Supreme Court analyzed in <u>Patterson v. New York</u>, 432 U.S. 197, 53 L. Ed. 2d 281,
97 S. Ct. 2319 (1977). The New York Law states "A person is guilty of murder in
the second degree when, with the intent to cause the death of a person, he causes
the death of such person or a third person."

- 7 -

The Supreme Court noted that:

"In New York, there are two elements of this crime (1) "Intent to cause the death of another person"; and (2) caus[ing] the death of such person or of a thrid person." N.Y. Penal Law Section 125.25 (McKinny 1975). **Malice aforethought is not an element of the crime.**"

The above is also true of Texas Statute 19.02(2)(b)(1), under that subsection, whether a person either "intentionally" causes the death of an individual, or he "knowingly" causes does so, are alternative "means" of violating the "causes the death" element. But again, neither requires "malice aforethought." And one of the means, i.e. "knowingly" causing the death of an individual, does not require "intent," "premeditation," or "malice." Therefore, this section sweeps more broadly than either "generic murder" or 18 USC § 1111.

Second, the same is true for § 19.02(2)(b)(2), but that section has a bigger problem. That is, that it does not require an intent to kill, or an intent to commit any other crime that is enumerated in 18 USC § 1111. That statute simply states: "(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." This, in addition to not requiring "malice aforethought," clearly makes this the least culpable conduct punished under Section 19.02.

Thrid, the final section of the statute is § 19.02(2)(b)(3) which reads:

"commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual."

This section fares no better than the first two. This is simply because it covers deaths that result from the commission of "any felony." Section 1111 on the other hand, only covers deaths that result from the commission of certain felonies that are explicitly listed in that statute. Additionally, under Mathis, both deaths that occur "in the immediate flight from the commission or attempt," of any felony, and "committing or attempting to commit an act clearly dangerous to human life" are "alternative means" of committing the offense and only require a mens rea of recklessness. And, therefore, this section too is broader than 18 USC § 1111.

It is clear from the above that Texas Penal Code § 19.02 is not a categorical match to either generic murder or 18 USC § 1111, and that every section of the Texas Statute "sweeps more broadly" than the federal generic offense.

- 8 -

COUNSEL WAS INEFFECTIVE DURING THE PLEA NEGOTIATION PROCESS, AND BEFORE, FOR FAILING TO APPLY THE CATEGORICAL APPROACH TO TEXAS PENAL CODE 19.02 TO SHOW THAT IT IS NOT PROPER RICO PREDICATE, AND FOR ALLOWING PETITIONER TO PLEAD GUILTY TO A RICO CHARGE WHERE THE INDICMENT DOES NOT LIST THE NECESSARY TWO(2) RICO PREDICATES.

Because this os a claim of ineffective assistance of counsel, this court must look to the S upreme Court's decision in Strickland v. Washington, 466 U.S. 688 (1984). There, the Court's decision made several points clear that are relevant here. Those points are:

1. The right to counsel is the right to effective assistance of counsel.

2. The Sixth Amendment right to counsel exist, and is needed, in order to protect the fundamental right to a fair trial, **since access to counsel's skill and knowledge is necessary** to accord the defendant the ample opportunity to meet the case of the prosecution to which he is entitled.

And because of the above, the Court stated that:

3. Counsel can deprive a defendant of the right to effective assistance of counsel **simply by failing to render adequate legal assistance**.

In this case, by simply reading the indictment, it is clear that the indictment does not contain the necessary two overt act which are necessary for petitioner to be convicted under 18 USC § 1962(d). This is simply because neither assault or attending a meeting of gang members are RICO predicates. Therefore, counsel allowed petitioner to plead guilty to a non-crime. In other words, counsel failed to use his skill and knowledge, and therefore, failed to render "adequate legal assistance."

Additionally, counsel failed to apply the categorical approach to Texas Penal Code 19.02, and failed to show the court that this statute is also not a rico predicate because it is categorically broader than the term "murder" in either 18 USC § 1961, 1962 & 1959. The cases necessary for making this showing were already decided by the Supreme Court at the time of the plea negotiations and before, Those cases are Taylor v. United States, 110 S. Ct. 2143 (1990); Carter v. United States, 120 S. Ct. 2159 (2000), and Descamps v. United States, 1333 S. Ct. 2276 (2013).

In fact, this argument that the Texas Statute is categorically broader than the term "murder" under federal law is essentially the same argument that the defendant made in Descamps. There the defendant proved, using the categorical approach, that the word burglary, when written by the California legislature, had a different meaning than the word "burglary" when written by the United States Congress, because in California, the statute lacked the essential element of "unlawful or unpriviledged entry." Just as the Texas murder statute lacks the essential element of "malice aforethought."

- 9 -

Now under <u>Strickland</u>, each claim of ineffective assistance of counsel is subject to a now familiar two part test. First, a petitioner must show that counsel's performance was deficient, and Second, that the deficient performance prejudiced the defense.

The Supreme Court futher explained that the test for predjudice resulting from ineffective assistance of counsel requires the defendant to show that there is a "reasonable probability" that but for counsel's unprofessional errors, the result of the proceeding would have been different. See <u>Strickland</u>. But, the Court has also made it clear that a petitioner does not have to prove that but for his counsel's errors or omissions the results of the proceeding **"would have"** been different. Instead, a petitioner only has to show a **"reasonably prbability"** of a different result. Which, the Supreme Court has explained in **"less than a probability.** See **United States v. Dominguez-Benitez,** 124 S. Ct. 2333 (2004).

In this case it is clear that the proper application of the categorical approach and the proper reading of the indictment, would have resulted in petitioner having "no RICO predicates," or at the very least a single RICO predicate. That would have resulted in the dismissal of the RICO charge, as well as the dismissal of the § 1959 charge relating to the murder opf Angel Cantu. Therefore, petitioner would not be in federal prison at all. That is significant prejudice because counsel's errors lead directly to petitioner's conviction, simply because he failed to use his "skill and knowledge," and failed to render "adequate legal assistance." And this Court shoul so find.

CONCLUSION AND RELIEF SOUGHT

Therefore, in light of all of the above, petitioner prays that this honorable Court will vacate his conviction because he does not have the required two (2) RICO predicates required to be convicted under 18 USC § 1962(d), and because petitioner received constitutionally ineffective assistance of counsel.

Respectfully Submitted:

Esteban Munoz, petitioner pro-se
Reg. No. 37912-380
PUNITED STATES PENITENTIARY McCREARY
P.O. Box 3000
Pine Knot, KY 42635

- 10 -

CERTIFICATE OF SERVICE

I certify that I have placed a copy of this Motion to Vacate, Correct or Set Aside Sentence in the Legal Mail here at USP McCreary for delivery to the United States District Court for the Western District of Texas at, 111 East Broadway Street, Room L100, Del Rio, Texas 78840, in a sealed envelope, with postage pre-paid, and properly addressed, on this 7th day of January, 2019.

Esteban Munoz

- 11 -

# Affidavit of Mailing

State of Kentucky )
                  ) ss.
County of McCreary )

I am over 18 years of age, and not a party to the within action my name and address is:

Overtis Sykes
U.S. Penitentiary McCreary
P.O. Box 3000
Pine Knot, KY 42635

On this 8th day of January, 2019, on behalf of Esteban Munoz, I mailed one Copy of the following: Motion to Vacate, Correct or Set Aside Sentence pursuant 28 USC §2255. A total of 23 pages, mailed herewith, in a sealed envelope, with postage pre-paid, and mailed to the United States District Court for the Western District of Texas, Del Rio Division, on this 8th day of January, 2019.

I declare under the penalty of perjury that all of the above is true and complete.

Overtis Sykes



Overtis Sykes
Reg. No. 09082-424
United States Penitentiary McCreary
P.O. Box 3000
Pine Knot, KY 42635

* Legal Mail *

2-424⇔
Us Dist Court
Office of the Clerk
111 East Broadway Str., Room L10(
DEL RIO, TX 78840
United States